# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONA B. LUNSFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-342-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Leona B. Lunsford requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on October 2, 1969, and was forty-one years old at the time of the administrative hearing. She has an eighth grade education and has past relevant work as a certified nurse's aide (Tr. 36). The claimant alleges she has been unable to work since December 31, 2006, due to lower back pain, irritable bowel syndrome, thyroid disorder, acid reflux, depression, anxiety, lumbar sprain, swelling in her legs and feet, and obesity (Tr. 50).

## Procedural History

The claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 10, 2009. Her application was denied. ALJ J. Dell Gordon conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated June 3, 2011. (Tr. 10-23). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform the full range of

medium work as defined by 20 C.F.R. § 416.967(b) (Tr. 14). The ALJ concluded that the claimant could return to her past relevant work (Tr. 21). Thus, the ALJ determined that the claimant was not disabled (Tr. 22).

**Review**

The claimant contends that the ALJ erred in analyzing: (i) the medical opinion of her treating physician Dr. Shyla Butt, M.D.; (ii) the "other source" opinion of her mental health counselor Ms. Sherry Hocking; and (iii) her credibility. The undersigned Magistrate Judge finds that the ALJ did fail to properly analyze the treating physician opinions of Dr. Butt, and the Commissioner's decision should therefore be reversed for further proceedings.

The claimant began receiving treatment from Dr. Shyla Butt, M.D. at least as early as October 2006 (Tr. 293). Dr. Butt's treatment notes reveal that the claimant was assessed to have osteoarthritis, anxiety, chronic bilateral ankle pain, hypothyroidism, irritable bowel syndrome, gastric esophageal reflex disorder, and depression as early as February 2007 (Tr. 321). Treatment notes continued to reflect that the claimant remained afflicted with osteoarthritis and anxiety (Tr. 295, 301, 302, 303, 304, 305, 309, 310, 313, 315, 317, 321, 326, 336, 340, 343, 354, 356, 358, 364, 372, 373, 379, 394). Further, Dr. Butt regularly performed physical examinations on claimant and noted that the claimant had pain on range of motion in her ankle (Tr. 353). On July 31, 2007, Dr. Butt noted that the claimant complained of swelling in her ankles, constant pain in her feet, and back

pain (Tr. 313), and on October 1, 2009, Dr. Butt wrote that the claimant "suffers from severe Osteoarthritis and has chronic pain in her back, ankles and feet" (Tr. 387).

Dr. Butt submitted a letter dated December 22, 2009 in which she wrote that the claimant "suffers from severe osteoarthritis, chronic pain in her ankle, and lower back and severe anxiety disorder" (Tr. 442). Further, Dr. Butt wrote that the claimant was incapable of sitting, standing, or walking for more than ten minutes, lifting more than five pounds, and bending, stooping, lifting, pushing, or pulling (Tr. 442). Dr. Butt also opined that the claimant was unable to work because of severe pain caused by progressively worsening medical problems (Tr. 442). Finally, Dr. Butt noted that the claimant is "very anxious around other people and cannot function under stressful circumstances" (Tr. 442).

Dr. Butt completed a Medical Source Statement-Physical on November 10, 2010 in which she found that the claimant was capable of frequently and occasionally lifting and/or carrying less than ten pounds, standing and/or walking continuously for 15-30 minutes, sitting continuously for less than 15-30 minutes, and would require time during the day to lie down (Tr. 472-73). Dr. Butt also opined that the claimant could never climb, balance, stoop, kneel, crouch, crawl, reach, or handle but could occasionally finger and feel (Tr. 473). As support for her opinion, Dr. Butt wrote that the claimant has chronic low back, ankle, knee, and shoulder pain (Tr. 473).

On February 1, 2011, Dr. Butt again opined that the claimant was capable of frequently and occasionally lifting and/or carrying less than ten pounds and sitting for no

more than 15 minutes due to pain (Tr. 511). Dr. Butt found that the claimant was incapable of walking, working, or performing fine manipulation due to pain in her hands (Tr. 511-12). Dr. Butt again noted that the claimant could never climb, balance, stoop, kneel, crouch, crawl, reach, or handle but could occasionally finger and feel (Tr. 512). As support for her opinions, Dr. Butt wrote that the claimant has severe osteoarthritis, and chronic pain in her hands, back, ankle, and hips (Tr. 512).

State reviewing physician Dr. Carmen Bird, M.D., completed a Physical Residual Functional Capacity Assessment in which she found that the claimant was capable of occasionally lifting up to 50 pounds, frequently lifting up to 25 pounds, and standing, walking, and/or sitting for six hours per day, respectively (Tr. 434). Dr. Bird noted that she had reviewed Dr. Butt's opinion but found that it was "not supported by medical evidence" (Tr. 439).

The claimant's mental health counselor Sherry Hocking, M.A., L.P.C., submitted a letter dated May 4, 2010, in which she wrote that the claimant had been in family counseling for six months and had "severe life stressors" and "difficulty coping with family problems" (Tr. 441). Finally, Ms. Hocking noted that the claimant would "benefit from further individual assessment and treatment as she has chronic depression and anxiety" (Tr. 441).

State examining physician Dr. Beth Teegarden, D.O., performed a Mental Status Examination of claimant on February 19, 2010 (Tr. 407-10). Dr. Teegarden noted that the claimant was not taking her medications because she could not afford them and that

the claimant was attending family therapy (Tr. 408). Dr. Teegarden noted that the claimant exhibited some anxiety throughout the examination, and her assessment included generalized anxiety disorder and mood disorder, NOS (Tr. 408-09). Dr. Teegarden's written summary reveals that the claimant's "appearance, behaviors, mood and affect were consistent with her reported symptoms" and it was Dr. Teegarden's belief that the claimant's physical problems, depression and anxiety were "affecting her ability to function at home, occupationally and socially" (Tr. 409). Dr. Teegarden concluded by opining that the claimant "would benefit from continued therapy to help cope with issues related to her depression and health" (Tr. 409).

Medical opinions from a treating physician are entitled to controlling weight if they were "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's opinions were not entitled to controlling weight, the ALJ must determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § [416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of

examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally, if the ALJ decides to reject a treating physician's opinions entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300 [quotation omitted].

The ALJ assigned "very little weight" to Dr. Butt's opinions because the ALJ found that they were "more conclusory than diagnostic or analytical than substantiated medical documentation[,]" inconsistent with the medical evidence (including her own treatment notes), and unsupported by "a complete or adequate neurological/orthopedic examination" (Tr. 20). The ALJ's finding is not supported by the evidence. First, Dr. Butt's treatment notes are replete with notations documenting the claimant's osteoarthritic pain (Tr. 295, 301, 302, 303, 304, 305, 309, 310, 313, 315, 317, 321, 326, 336, 340, 343, 354, 356, 358, 364, 372, 373, 379, 394). Second, Dr. Butt clearly *did* complete physical examinations of the claimant during the course of her treatment of the claimant, as there are notations that the claimant had pain on range of motion in her ankle (Tr. 353). Moreover, even if Dr. Butt's medical opinions were not entitled to controlling

weight, the ALJ was required to determine the proper weight to give it by analyzing *all* of the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527 [and § 416.927].'"), *quoting Watkins*, 350 F.3d at 1300 [quotation omitted] [emphasis added]. The ALJ failed to evaluate Dr. Butt's opinions (or any of the medical opinions, for that matter) in accordance with the *Watkins* factors outlined above. The ALJ thus failed to provide any of the detailed analysis required in regard to Dr. Butt's opinions.

Finally, in evaluating Dr. Butt's opinions, the ALJ seems to have determined that the examining physician opinion of Dr. Cooper deserved controlling weight in this case, but failed to adequately explain *why* Dr. Cooper's opinion outweighed the treating physician opinions of Dr. Butt. *Warren v. Barnhart*, 2006 WL 4050700, at *7 (D. Kan. July 10, 2006) (remanding ALJ's decision because it "contain[ed] no analysis of the expert's medical opinion, evaluation of the opinion pursuant to the regulatory factors, or explanation of how the expert's opinion outweigh[ed] that of the treating physician.") [unpublished opinion]. *See also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-

physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. §§ 404.1527(d)(1), (2) & 416.927(1), (2); Soc. Sec. R. 96-6p, 1996 WL 374180, at *2.

Because the ALJ failed to properly evaluate the medical evidence by improperly rejecting the treating physician's opinion, the undersigned Magistrate Judge RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further analysis as outlined above.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma